**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEEPAK KAINTH, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-73064 Agency No. A089-684-245 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred February 12, 2015
Submitted December 23, 2015**
San Francisco California

Before: TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

Deepak Kainth, a native and citizen of India, petitions for review of the

BIA's dismissal of his appeal from the immigration judge's entry of an order

denying his application for asylum, withholding of removal, and protection under

the Convention Against Torture. We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the adverse credibility determination. The inconsistencies identified by the IJ and BIA are not so trivial as to make them immaterial for purposes of assessing credibility. "[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). Although Kainth has offered various explanations for these inconsistencies, the IJ and the BIA are not required to credit these explanations. *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). The adverse credibility determination was reasonable, and Kainth's contention that the IJ and BIA did not properly consider the totality of the circumstances lacks merit.

The determination that Kainth's proffered corroborative evidence was unreliable was also supported by substantial evidence. We uphold the BIA's determination unless the record "compels a contrary result." *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). Here, it does not.

In the absence of credible evidence, the asylum and withholding of removal claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The CAT claim, which is based on the same testimony, also fails. *Id*. at 1156–57.

Petition **DENIED**.